I commend Judge Farmer for her extensive, thorough and time-consuming review of appellant's involvement in the Massillon Municipal Court as summarized in Appendices I and II. I fully concur in the majority's analysis and disposition of appellant's second, third, fourth, fifth, sixth, and seventh assignments of error. I further concur in the majority's disposition of appellant's first assignment of error, but do so for a different reason.
I do not interpret R.C. 2929.51(C)(2) as eliminating appellant's responsibility to pay a court ordered fine two years after the date of sentence. The statute merely permits the court to allow installment payments on the fine for a period not to exceed two years.
The majority overrules this assignment or error because ". . . the final warrant for appellant's arrest tolled the two year fine payment scheduled required by R.C. 2929.51." (Majority Opinion at 5). Although I agree the trial court did not violate R.C. 2929.51 by resetting the fine payment schedule on July 11, 1997, I find it unnecessary to consider the concept of "tolling" as it relates to the collection of the fine. Although R.C.2929.51(C)(2) may limit the term of a payment plan, it does not create a statute of limitations for its collection. To the extent the majority's opinion so holds or could be interpreted as so holding, I respectfully disagree.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed in part, reversed in part and remanded to said court for hearing on appellant's motion for waiver of fines in Case No. 95TRC9794M. Also, appellant's fines in said case number are modified to reflect credit for ten days in jail at $30 per day or $300.